THE LAWRENCEBURGH NATIONAL BANK v. STEVENSON.

COUNTERFEIT CURRENCY.—*Diligence.*—On the trial of an action brought by one who, nearly a year before the commencement of suit, had received from the defendant, in payment of an indebtedness of the latter to the former, a counterfeit U. S. treasury note, commonly called a "greenback," to recover the amount thereof, it was shown in evidence that the counterfeit bill had been presented to the defendant and that payment therefor had been demanded, but it did not appear at what time the plaintiff had offered to return the bill as counterfeit.

*Held,* that the evidence did not show the necessary diligence.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts,* for appellant.

*S. H. Spooner,* for appellee.

WORDEN, J.—This action was brought by the appellee against the Lawrenceburgh National Bank, Elza G. Burkam and Joseph H. Burkam, before the mayor of Lawrenceburgh, from whose judgment an appeal was taken to the circuit court, where the cause was tried by the court, resulting in a finding and judgment in favor of the Burkams, and in favor of Stevenson, the plaintiff below, against the bank. The bank appeals.

The case is before us on the evidence. It appears that on or about September 1st, 1872, the plaintiff had two hundred and seventy-five dollars on deposit in the bank, which he then drew out. He claims that he received from the bank, among the bills then paid to him, a twenty-dollar counterfeit bill. The bill passed through several hands; but, conceding that the plaintiff sufficiently identified the bill offered in evidence as the one he received from the bank, there was a fatal defect in the evidence. The bill went to Cincinnati, but was expressed back to the plaintiff as counterfeit about the 5th of October, 1872. It does not appear when the plaintiff returned or offered to return it to the bank. S. H. Spooner testified as follows:

" I presented the counterfeit bill at the bank and demanded payment twice." This is all the evidence in the record on

the subject.    Assuming that this was done before the suit was brought, still it may have been nearly a year after the money was received by the plaintiff, as the suit was not brought until August 16th, 1873.    The bill did not purport to be of the issue of the bank, but was what is commonly called a " greenback."    It should have been returned to the bank within a reasonable time, in order that the bank might have been able to return it whence it came.    This is not shown by the evidence to have been done.    See *Wingate* v. *Neidlinger,* 50 Ind. 520.

The judgment below in favor of the appellee against the appellant is reversed, with costs, and the cause remanded for a new trial.